**SEALED**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 16cr10320 |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| (1) JESSE GILLIS, | ) | 21 U.S.C. § 846 – Conspiracy to |
| | ) | Distribute and to Possess with Intent to |
| (2) JAMES GIANNETTA, | ) | Distribute Methamphetamine |
| | ) | |
| (3) CHRISTOPHER HALFOND, | ) | 21 U.S.C. § 841(a)(1) – Possession of |
| | ) | Methamphetamine with Intent to |
| (4) MATTHEW METZ, | ) | Distribute and Distribution of |
| | ) | Methamphetamine |
| (5) STEVEN BEADLES, | ) | |
| | ) | 18 U.S.C. § 1956(h) – Conspiracy to |
| (6) RUSSELL ORMISTON, | ) | Launder Monetary Instruments |
| | ) | |
| (7) JORGE GRANDON, | ) | 18 U.S.C. § 2 – Aiding and Abetting |
| | ) | |
| (8) MARIO CASTRO, | ) | 21 U.S.C. § 853 – Drug Asset Forfeiture |
| | ) | Allegation |
| (9) JEFFREY CARLO, | ) | |
| | ) | 18 U.S.C. § 982(a)(1) – |
| (10) BRUCE REISMAN, and | ) | Money Laundering Forfeiture Allegation |
| | ) | |
| (11) DANIEL PONCE, | ) | |
| | ) | |
| Defendants. | | |

## INDICTMENT

**COUNT ONE:**   **Title 21, United States Code, Section 846 – Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine**

The Grand Jury charges that:

From a date unknown to the Grand Jury, but by no later than January 1, 2013, and continuing thereafter until on or about November 9, 2016, in Boston, Chelsea, Allston, Quincy, and elsewhere in the District of Massachusetts, the Southern District of California, and elsewhere,

      (1) JESSE GILLIS,
      (2) JAMES GIANNETTA,
     (3) CHRISTOPHER HALFOND,
      (4) MATTHEW METZ,
      (5) STEVEN BEADLES,
     (6) RUSSELL ORMISTON,
      (7) JORGE GRANDON,
     (8) MARIO CASTRO, and
      (9) JEFFREY CARLO,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree, with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

  It is further alleged that the offense charged in this Count involved 50 grams or more of methamphetamine, a Schedule II controlled substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to this Count.

  It is further alleged that, with respect to this Count, 50 grams or more of methamphetamine, a Schedule II controlled substance, are attributable to, and were reasonably foreseeable by, (1) JESSE GILLIS, (2) JAMES GIANNETTA, and (4) MATTHEW METZ.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to defendants (1) JESSE GILLIS, (2) JAMES GIANNETTA, and (4) MATTHEW METZ.

  All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** Title 21, United States Code, Section 841(a)(1) – Distribution of Methamphetamine

The Grand Jury charges that:

On or about December 31, 2015, in Chelsea and elsewhere in the District of Massachusetts, the Southern District of California, and elsewhere,

(3) CHRISTOPHER HALFOND,

defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE:**   Title 21, United States Code, Section 841(a)(1) – Possession of Methamphetamine with Intent to Distribute; 18 United States Code, Section 2 – Aiding and Abetting

The Grand Jury charges that:

On or about January 7, 2016, in Chelsea and elsewhere in the District of Massachusetts,

(4)   MATTHEW METZ, and
(5)   STEVEN BEADLES,

defendants herein, did knowingly and intentionally possess with the intent distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that the offense charged in this Count involved 50 grams or more of methamphetamine, a Schedule II controlled substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to this Count.

It is further alleged that, with respect to this Count, 50 grams or more of methamphetamine, a Schedule II controlled substance, are attributable to, and were reasonably foreseeable by, (4) MATTHEW METZ.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to defendant (4) MATTHEW METZ.

4

**COUNT FOUR:** Title 21, United States Code, Section 841(a)(1) –Possession of Methamphetamine with Intent to Distribute

The Grand Jury charges that:

On or about January 7, 2016, in Boston and elsewhere in the District of Massachusetts,

(4) MATTHEW METZ,

defendant herein, did knowingly and intentionally possess with the intent distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in this Count involved 50 grams or more of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to this Count.

It is further alleged that, with respect to this Count, 50 grams or more of methamphetamine, a Schedule II controlled substance, are attributable to, and were reasonably foreseeable by, (4) MATTHEW METZ. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to defendant (4) MATTHEW METZ.

**COUNT FIVE:** Title 21, United States Code, Section 841(a)(1) –Distribution of Methamphetamine

The Grand Jury charges that:

On or about December 28, 2015, in Boston and elsewhere in the District of Massachusetts,

(4) MATTHEW METZ,

defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in this Count involved 50 grams or more of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to this Count.

It is further alleged that, with respect to this Count, 50 grams or more of methamphetamine, a Schedule II controlled substance, are attributable to, and were reasonably foreseeable by, (4) MATTHEW METZ. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to defendant (4) MATTHEW METZ.

**COUNT SIX:**     Title 21, United States Code, Section 841(a)(1) – Possession of Methamphetamine with Intent to Distribute; 18 United States Code, Section 2 – Aiding and Abetting

The Grand Jury charges that:

On or about December 28, 2015, in Boston and elsewhere in the District of Massachusetts,

(7) JORGE GRANDON, and
(8) MARIO CASTRO,

defendants herein, did knowingly and intentionally possess with the intent distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

**COUNT SEVEN:** Title 21, United States Code, Section 841(a)(1) – Possession of Methamphetamine with Intent to Distribute

The Grand Jury charges that:

On or about September 19, 2016, in Boston and elsewhere in the District of Massachusetts,

(10) BRUCE REISMAN,

defendant herein, did knowingly and intentionally possess with the intent distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT EIGHT:**   Title 21, United States Code, Section 841(a)(1) – Distribution of Methamphetamine

The Grand Jury charges that:

On or about September 20, 2016, in Quincy and elsewhere in the District of Massachusetts,

(2)   JAMES GIANNETTA,

defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in this Count involved 50 grams or more of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to this Count.

It is further alleged that, with respect to this Count, 50 grams or more of methamphetamine, a Schedule II controlled substance, are attributable to, and were reasonably foreseeable by, (2) JAMES GIANNETTA. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) applies to defendant (2) JAMES GIANNETTA.

**COUNT NINE:** Title 21, United States Code, Section 841(a)(1) – Possession of Methamphetamine with Intent to Distribute

The Grand Jury charges that:

On or about October 1, 2016, in Everett and elsewhere in the District of Massachusetts,

(11)   DANIEL PONCE,

defendant herein, did knowingly and intentionally possess with the intent distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT TEN:**   Title 18, United States Code, Section 1956(h) – Conspiracy to Launder Monetary Instruments

The Grand Jury charges that:

From a date unknown to the Grand Jury, but by no later than January 1, 2013, and continuing thereafter until in or about November 2, 2016, at Boston, Quincy, Allston, and elsewhere in the District of Massachusetts, the Southern District of California, and elsewhere,

(1) JESSE GILLIS,
(2) JAMES GIANNETTA,
(4) MATTHEW METZ, and
(9) JEFFREY CARLO,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree, with each other and with persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, that is, narcotics trafficking, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, and control of the proceeds of said specified unlawful activity and that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

## MANNER AND MEANS

It was part of the conspiracy that the defendants obtained sizable quantities of methamphetamine for further distribution.   GILLIS, GIANNETTA, METZ, and CARLO used the

11

proceeds from the sale of methamphetamine to purchase more methamphetamine to distribute.

It was a further part of the conspiracy that the defendants sent packages containing proceeds from the sale of methamphetamine to co-conspirators in California via FedEx, UPS, and the U.S. Postal Service, in packages bearing false sender and/or recipient information, and also transferred proceeds from the sale of methamphetamine to co-conspirators in California electronically, utilizing personal and business bank accounts, Green Dot and other stored value cards, PayPal, and other means.

All in violation of Title 18, United States Code, Section 1956(h).

## DRUG FORFEITURE ALLEGATION
### (Title 21, United States Code, Section 853)

The Grand Jury further alleges that:

1. The allegations of Counts One through Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. As a result of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One through Eight of this Indictment, the defendant,

> (1) JESSE GILLIS,
> (2) JAMES GIANNETTA,
> (3) CHRISTOPHER HALFOND,
> (4) MATTHEW METZ,
> (5) STEVEN BEADLES,
> (6) RUSSELL ORMISTON,
> (7) JORGE GRANDON,
> (8) MARIO CASTRO,
> (9) JEFFREY CARLO,
> (10) BRUCE REISMAN, and
> (11) DANIEL PONCE,

shall forfeit to the United States, jointly and severally, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to the following:

   (a) Approximately $52,970 US Currency seized from 100 Hano Street, Suites #8 and #14, Allston, Massachusetts, on or about January 7, 2016;

   (b) Approximately $5,268 US Currency seized from METZ on or about January 7, 2016;

  (c) Approximately $537.74 seized from Wells Fargo Bank account number 1899471161 on or about January 8, 2016;

  (d) Approximately $569.03 seized from Citizen's Bank account number 1330853676;

  (e) Approximately $7,500 US Currency seized on January 14, 2016, from a Priority Mail package addressed to Travis Castro and bearing a return address of EPS, 100 Hano Street, Allston, MA; and

  (f) A money judgment in the amount of approximately $1,900,000 derived by the defendants from the distribution of controlled substances.

2. If any of the property described in Paragraph 1 of this allegation, as a result of any act or omission of any defendants –

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
### (Title 18, United States Code, Section 982(a)(1))

The Grand Jury further alleges that:

1. Upon conviction of the offense alleged in Count Ten of this Indictment, the defendants,

>     (1) JESSE GILLIS,
>     (2) JAMES GIANNETTA,
>     (4) MATTHEW METZ, and
>     (9) JEFFREY CARLO,

shall forfeit to the United States (jointly and severally), the following property pursuant to 18 U.S.C. § 982:

> (a) All right, title, and interest in any and all property involved in such offense in violation of 18 U.S.C. § 1956 or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including but not limited to the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Sections 1956, including without limitation, approximately $7,500 US Currency seized on January 14, 2016, from a Priority Mail package addressed to Travis Castro and bearing a return address of EPS, 100 Hano Street, Allston, MA, approximately $537.74 seized from Wells Fargo Bank account number 1899471161 on or about January 8, 2016, and approximately $569.03 seized from Citizen's Bank account number 1330853676; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and

15

        3) all property used in any manner or part to commit or to facilitate the commission of those violations.

    (b)    A sum of money equal to the total amount of money involved in the offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of the offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2.    If any of the property described in Paragraph 1, above, as a result of any act or omission of any defendant –

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any of property of the defendant up to the value of the property described in paragraph 1.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

*[signature]*
FOREPERSON OF THE GRAND JURY

*[signature]*
KAREN D. BEAUSEY
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; November 9, 2016

Returned into the District Court by the Grand Jurors and filed.

*[signature]*
DEPUTY CLERK

@ 11:52 AM
11/9/16